WILLIAM A. RAUSE *v.* THOMAS DEACON.

Executors and Administrators—Personal Claim—Suit for.
> An administrator, cannot sue himself as such, for personal service rendered the estate.

Same—Limitations.
> The statute of limitations does not run against the personal claim of an administrator, after his appointment.

Same—Compromise, not Accepted—Evidence.
> The proposition of an administrator, for a compromise of a less sum than the amount of his claim, which was not accepted, is not conclusive against him and should not be offered in evidence as such.

APPEAL FROM BULLITT CIRCUIT COURT.

June 2, 1870

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant being the curator of the estate of J. A. Deacon, deceased, could not sue himself on his claim for services, and the statute of limitations did not run against his claim after his appointment, according to a well settled rule of law; therefore so much of his claim as accrued within the last five years of Deacon's life was certainly not barred, but there is express proof of a recognition of the claim and a promise to pay it by Deacon within that time, which seems to have been sufficient to take the whole claim out of the operation of the statute, and there is no satisfactory evidence that it was ever paid or discharged. The circuit court in rejecting the entire claim seems to have adopted the view of the commissioner that it was either paid or barred by limitation, a conclusion which we think was not authorized. But there is much difficulty in determining from the evidence what amount of the claim should have been allowed. It appears from the testimony of Carpenter, the judge of the county court before whom a partial settlement of the estate was made, that said claim as then exhibited, and claimed as just by the appellant,

was about $300, but for the sake of a settlement and to avoid litigation he was willing to accept, as a compromise, an allowance of $100, or $175 of the claim. · The evidence of his entire services for which nothing was allowed, would we think, have sustained a larger claim than $300, but although he was not concluded by his proposition to compromise at a less sum, which was not accepted, we do not think he should have been allowed more in this suit than his claim as exhibited at the settlement before the county judge, say, $300 as against the five distributees of the estate. The judgment in favor of the appellee, Thomas Deacon, for $104.92 should therefore have been credited by $60, being the fifth part of said sum of $300, and to that extent only, the judgment is deemed erroneous.

Wherefore the judgment is reversed, and the cause remanded for a judgment in accordance with this opinion.

*Thompson, Johnson, for appellant.*

*Field, for appellee.*